**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA SAMUELS,<br><br>      Plaintiff,<br><br>      - v -<br><br>THE URBAN ASSEMBLY, INC. d/b/a URBAN ASSEMBLY CHARTER SCHOOL FOR COMPUTER SCIENCE and DAVID NOAH, individually,<br><br>      Defendants. | Civil Action No.: 23-cv-1379<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

  Plaintiff Melissa Samuels ("Samuels"), by and through her undersigned attorney, brings this Complaint against Defendants The Urban Assembly, Inc. d/b/a Urban Assembly Charter School for Computer Science ("Urban Assembly") and David Noah ("Noah"), and alleges as follows:

## PRELIMINARY STATEMENT

  1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., as well as unlawful deductions from wages in violation of New York Labor Law ("NYLL") § 193, whistleblower retaliation in violation of NYLL § 740, and retaliation in violation of the First Amendment.

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

  2. The Court has original jurisdiction over Samuels' federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

  3. The Court has supplemental jurisdiction over Samuels' state and city law claims

pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about August 15, 2022, Samuels submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about January 31, 2023, the EEOC issued Samuels a Notice of Right to Sue, and this action is being brought within 90 days of Samuels' receipt of the Notice of Right to Sue.

6. Samuels served Urban Assembly with a Notice of Claim on or about August 29, 2022.

7. Within 10 days of the commencement of this action, Samuels will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

**PARTIES**

8. Plaintiff Samuels is a resident of the State of New York and former Math Teacher of Urban Assembly.

9. At all relevant times, Samuels was an "employee" of Defendants under all relevant statutes.

10. Urban Assembly is a not-for-profit corporation registered in New York and permitted to do business in New York.

11. Urban Assembly employed more than 14 employees throughout Samuels'

employment.

12. The Urban Assembly, Inc. conducted business at 1300 Boynton Avenue, Bronx, NY 10472 as Urban Assembly Charter School for Computer Science, where it employed Samuels.

13. Defendant Noah was at all relevant times employed as Urban Assembly Charter School for Computer Science's Founding Principal.

14. Noah had the ability to affect the terms and conditions of Samuels' employment and did so by, among other things, terminating her employment.

15. Upon information and belief, Noah resides in New York.

16. At all relevant times, Defendants were Samuels' "employer" under all relevant statutes.

## FACTUAL BACKGROUND

**I.  Samuels is Hired by Urban Assembly and Excels in her Role**

17. Samuels received a Bachelor of Arts in Neuroscience and Behavior from Columbia University in May 2014 and a Master of Arts in Middle Childhood Education: Biology Specialist from Brooklyn College in September 2017.

18. Samuels had approximately 11 years of experience in education and six years of formal experience as a teacher before joining Urban Assembly.

19. At all relevant times, Samuels possessed a International Baccalaureate Teaching Certificate in Math Analysis and Approaches – Category 2 from the International Baccalaureate Organization.

20. In or about August 2021, Samuels began working for Urban Assembly in the position of Math Teacher.

21. Samuels worked from Urban Assembly's 1300 Boynton Avenue, Bronx, NY 10472 location.

22. Samuels succeeded in her role and received positive feedback based on her performance.

23. Urban Assembly awarded Samuels a raise on or about April 27, 2022, which took effect beginning July 1, 2022.

24. While Samuels was employed by Urban Assembly, she never received any criticism or negative feedback regarding her work performance.

## II. Samuels is Assaulted by Student and Hospitalized

25. While teaching on June 9, 2022, one of Samuels' students threw a hard ball that hit Samuels in the head, causing a concussion.

26. Samuels was diagnosed with a head injury, neck pain, and concussion.

27. Samuels experienced blurred vision, and severe head and neck pain.

28. Samuels' injuries impacted her ability to care for herself, perform manual tasks, see, sleep, walk, stand, lift, bend, learn, read, concentrate, think, communicate, and work.

29. Samuels reported the incident and her injuries immediately to Urban Assembly.

30. Noah instructed Samuels to not give the police any information about the student who had assaulted her.

31. After Samuels reported the assault to the police, Noah approached her within a few inches of her face, while she was still concussed, and angrily asked if she really wanted to get a kid involved in the criminal justice system.

32. After Samuels stepped away from Noah, he stepped towards her again and repeated the same question.

33. One of the police officers present stepped in between Noah and Samuels to shield her from him.

34. The police officers present told Samuels that they would have a police report filed.

35. Samuels was then transported from Urban Assembly to the emergency room by ambulance.

### III.     Urban Assembly Terminates Samuels' Employment

36. Soon after Samuels left Urban Assembly in the ambulance, it disabled her school email and system access.

37. On June 10, 2022, Noah messaged Samuels: "I assume you're not coming in so you can recuperate."

38. Later on June 10, Samuels sent Noah a doctor's note explaining that she was treated in the emergency department and would be permitted to return to work after ten days on June 21, 2022.

39. Samuels also emailed Noah on the evening of June 10, letting him know that she had been discharged from the hospital to recuperate following the assault.

40. The morning of June 11, Noah emailed Samuels that "[y]ou were not assaulted. [Student] accidentally hit you with a nerf ball while he was throwing it at [Student] in an raucous classroom. All accounts of the incident, and the surrounding facts confirm this as the most likely interpretation of what happened … Your account was temporarily disabled because I was sincerely afraid that you were sharing a student's personal information without parental consent or cause, and given what you did, more generally concerned about your mental state. Under those circumstances, I thought it best to temporarily deny your access to sensitive student

information."

41. On June 12, 2022, Noah emailed Samuels to let her know that her leave would be unpaid and requesting further documentation to excuse Samuels' absence.

42. On June 16, 2022, Noah terminated Samuels' employment purportedly "out of concern for the safety of our students and families …"

43. Following the termination of Samuels' employment, Urban Assembly withheld approximately $1,700 from her final paycheck, which represented the approximate value of a laptop it issued to Samuels, despite her having returned the laptop to Urban Assembly.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of the ADA)
*Against Defendant Urban Assembly*

44. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

45. Defendant Urban Assembly discriminated against Samuels on the basis of her disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Samuels has suffered disparate treatment as a result of Urban Assembly's conduct.

46. Samuels is a disabled individual under the ADA and was perceived by Urban Assembly as being disabled, and she is therefore a member of a protected class.

47. Samuels was qualified to work as a Math Teacher for Urban Assembly and satisfactorily performed the duties required by that position.

48. Urban Assembly subjected Samuels to an adverse employment action because of her disability.

49. As a direct and proximate result of Urban Assembly's unlawful employment

practices, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

50. Defendant Urban Assembly's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

## SECOND CAUSE OF ACTION
### (Failure to Accommodate in Violation of the ADA)
*Against Defendant Urban Assembly*

51. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

52. Samuels is a disabled individual under the ADA and was perceived by Urban Assembly as being disabled, and is therefore a member of a protected class.

53. Urban Assembly was aware and on notice of Samuels' disability and its symptoms.

54. Samuels requested reasonable accommodations for her disability.

55. Urban Assembly failed to accommodate Samuels' disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Samuels' disability.

56. Had Urban Assembly provided Samuels with a reasonable accommodation, Samuels could have performed the essential functions of her job.

57. Accordingly, Urban Assembly discriminated against Samuels by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the ADA.

58. As a direct and proximate result of Urban Assembly's unlawful employment

practices, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

59. Urban Assembly's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA)
*Against Defendant Urban Assembly*

60. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

61. As set forth in detail above, Samuels engaged in activity protected under the ADA.

62. Urban Assembly was aware that Samuels opposed unlawful conduct and/or asserted her rights under the ADA.

63. Urban Assembly, unlawfully and without cause, retaliated against Samuels as a direct result of Samuels asserting her rights under the ADA as someone with disability or perceived disability, and Samuels suffered materially adverse employment actions as a result.

64. As a direct and proximate result of Urban Assembly's unlawful employment practices, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

65. Urban Assembly's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

66. Accordingly, Urban Assembly retaliated against Samuels in violation of her

statutory rights as guaranteed by the ADA.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
*Against All Defendants*

67. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

68. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Samuels because she was a member of a protected class.

69. Samuels is a member of a protected class under the NYSHRL and was perceived by Defendants as such.

70. Samuels was qualified to work as a Math Teacher for Defendants and she satisfactorily performed the duties required by the position she held with Defendants.

71. As set forth in detail above and here, Defendants discriminated against Samuels and subjected her to adverse employment actions.

72. As a direct and proximate result of the unlawful employment practices of Defendants, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

73. Accordingly, Defendants discriminated against Samuels because of her disability, in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL)
*Against All Defendants*

74. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

75. Samuels is a disabled individual under the NYSHRL and was perceived by

Defendants as being disabled, and she is therefore a member of a protected class.

76. Defendants were aware and on notice of Samuels' disability and its symptoms.

77. Samuels requested reasonable accommodations for her disability.

78. Urban Assembly failed to accommodate Samuels' disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Samuels' disability.

79. Had Defendants provided Samuels with a reasonable accommodation, Samuels could have performed the essential functions of her job.

80. Accordingly, Defendants discriminated against Samuels by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the NYSHRL.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
*Against All Defendants*

81. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

82. As set forth in detail above, Samuels engaged in activity protected under the NYSHRL.

83. Defendants retaliated by subjecting Samuels to discrimination and adverse employment actions because of her protected activity in violation of Samuels' statutory rights.

84. Defendant was aware that Samuels opposed unlawful conduct and asserted her rights under the NYSHRL.

85. Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

86. Accordingly, Defendants retaliated against Samuels in violation of her statutory rights as guaranteed by the NYSHRL.

## SEVENTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)
*Against All Defendants*

87. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

88. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Samuels because she was a member of a protected class.

89. Samuels is a member of a protected class under the NYCHRL and was perceived by Defendants as such.

90. Samuels was qualified to work as a Math Teacher for Defendants and she satisfactorily performed the duties required by the position she held with Defendants.

91. As set forth in detail above and here, Defendants discriminated against Samuels in the terms and conditions of her employment by treating Samuels less well than her similarly situated, non-disabled coworkers.

92. Defendants subjected Samuels to adverse employment action because of her disability.

93. As a direct and proximate result of the unlawful employment practices of Defendants, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

94. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

95. Accordingly, Defendants discriminated against Samuels because of her disability, in violation of her statutory rights as guaranteed by the NYCHRL.

## EIGHTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYCHRL)
*Against All Defendants*

96. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

97. Samuels is a disabled individual under the NYCHRL and was perceived by Defendants as being disabled, and she is therefore a member of a protected class.

98. Defendant was aware and on notice of Samuels' disability and its symptoms.

99. Samuels requested reasonable accommodations for her disability.

100. Urban Assembly failed to accommodate Samuels' disability and refused to participate in any interactive discussion or process to determine if there was an accommodation that would accommodate Samuels' disability.

101. Had Defendants provided Samuels with a reasonable accommodation, Samuels could have performed the essential functions of her job.

102. As a direct and proximate result of Defendants' unlawful employment practices, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

103. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

104. Accordingly, Defendants discriminated against Samuels by failing to accommodate her known disability under NYCHRL.

## **NINTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYCHRL)**
*Against All Defendants*

105. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

106. As set forth in detail above, Samuels engaged in activity protected under the NYCHRL.

107. Defendants retaliated against Samuels by treating her less well than similarly situated employees and subjecting her to discrimination and adverse employment actions because of her protected activity in violation of the NYCHRL.

108. Defendant was aware that Samuels opposed unlawful conduct and/or asserted her rights under the NYCHRL.

109. Defendants, unlawfully and without cause, retaliated against Samuels as a direct result of Samuels asserting her rights and opposing unlawful conduct under the NYCHRL, which involved conduct reasonably likely to deter an individual from engaging in such protected activity.

110. As a direct and proximate result of Defendants' unlawful employment practices, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

111. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

112. Accordingly, Defendants retaliated against Samuels in violation of her statutory rights as guaranteed by the NYCHRL.

## TENTH CAUSE OF ACTION
### (Aiding and Abetting in Violation the NYSHRL and NYCHRL)
*Against Noah*

113. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

114. Defendant Noah aided, abetted, incited, compelled, or coerced Defendants' unlawful conduct, including discrimination, failure to provide a reasonable accommodation, and retaliation, against Samuels by their conduct, action, and inaction, in violation of the NYSHRL and NYCHRL.

115. Noah was aware of his role as part of the unlawful activity that he assisted in, and knowingly and substantially assisted Defendant in its violations of the NYSHRL and NYCHRL.

116. As a direct and proximate result of Noah's conduct, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

117. Noah's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

## ELEVENTH CAUSE OF ACTION
### (Unlawful Deduction from Wages in Violation of the NYLL)
*Against Defendant Urban Assembly*

118. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

119. Urban Assembly deducted the value of a laptop it issued to Samuels from her earned wages.

120. Defendant's deduction from Samuels' wages was willful and done in bad faith. Accordingly, Samuels is entitled to liquidated damages equal to 100% of the unpaid wages due

and owing to her pursuant to NYLL § 198(1-a).

121. As a direct and proximate result of Defendant's breaches of the NYLL, Samuels has been damaged in an amount to be determined at hearing, and is entitled to an award of liquidated damages, attorney's fees, and prejudgment interest owed in connection with these violations.

**TWELFTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYLL)**
*Against All Defendants*

122. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

123. Samuels engaged in protected activity under NYLL § 740.

124. Defendants' termination of Samuels' employment in response to that protected activity constituted "retaliatory action" under NYLL § 740(1)(e).

125. As a direct and proximate result of Defendants' conduct, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

126. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

**THIRTEENTH CAUSE OF ACTION**
**(Retaliation in Violation of the First Amendment)**
*Against All Defendants*

127. Samuels repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

128. Samuels' police report was activity protected by the First Amendment.

129. Defendants' termination of Samuels' employment in response to that protected

activity constituted retaliation in violation of the First Amendment.

130. As a direct and proximate result of that retaliation, Samuels has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

131. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Samuels, entitling her to punitive damages.

## **RELIEF**

Plaintiff Melissa Samuels demands judgment in her favor and against The Urban Assembly, Inc. d/b/a Urban Assembly Charter School for Computer Science and David Noah as follows:

A. A declaratory judgment that the actions of Defendants complained of violate the ADA, NYCHRL, NYSHRL, and NYLL;

B. An injunction and order permanently restraining Defendants from engaging in any such further unlawful conduct;

C. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Samuels for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Samuels for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E. An award of punitive damages, in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of Samuels' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Melissa Samuels demands a trial by jury on all issues so triable of right.

Dated: February 17, 2023
New York, New York

                                      **RISSMILLER PLLC**

By:   */s/ Alex Rissmiller*
        Alex Rissmiller
        5 Pennsylvania Plaza, 19th Floor
        New York, NY 10001
        T: (646) 664-1412
        arissmiller@rissmiller.com

        *Counsel for Plaintiff Melissa Samuels*